UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LONG YANG,

Petitioner,

v.

UNITED STATES I.N.S.,

Respondent.

Civil File No. 01-1822 (MJD/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

From the limited factual information provided in the petition, it appears that Petitioner came to the United States from Laos quite a few years ago. His petition does not explain when or how he arrived here, nor does it explain his current legal status in this

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to § 2241 proceedings. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED OCT 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

country. However, the petition refers to a detainer that has been filed against Petitioner by the United States Immigration and Naturalization Service, ("INS"), which suggests that he is an alien, rather than a U.S. citizen. (Petition, [Docket No. 1], p. 3, ¶ 9.)

In 1996, Petitioner was convicted in the U.S. District Court for the Western District of Wisconsin for some undisclosed federal criminal offense. (Id. p. 2, ¶s 2-3.) He was sentenced to 96 months in prison, and he is presently serving his sentence at the Federal Medical Center in Rochester, Minnesota. (Id., ¶ 1, 4.)

Under federal law, when an alien is serving a prison sentence for a deportable criminal offense, the Attorney General, acting through the INS, must make arrangements to take custody of the alien upon his release from prison. 8 U.S.C. § 1226(c). To fulfill that responsibility in cases involving aliens convicted of federal crimes, the INS typically issues a detainer to the federal Bureau of Prisons, ("BOP"). The detainer informs the BOP of the alien's potential deportability, and requests the BOP's cooperation to ensure that the INS is able to secure custody of the alien when the BOP is ready to release him. See 8 C.F.R. §287.7(a).[2]

---

[2] According to 8 C.F.R. § 287.7(a) --

"A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate custody is either impracticable or impossible."

The detainer mentioned in the instant petition presumably asks the BOP to detain Petitioner after he has completed his prison sentence, so that the INS can determine whether he should be deported. As far as the Court can tell, Petitioner is currently seeking only to have that detainer vacated. As explained by Petitioner:

> "I am not yet held past my release date[.] I am recieving [sic] loss of programs and extra punitive treatment because I.N.S. refuses to remove a detainer that they know full well they cannot enforce." (Petition, pp. 3-4, ¶ 9.)

Nothing in the petition suggests that Petitioner is challenging the validity of his criminal conviction or sentence. Instead, it appears that he only wants the Court to set aside the INS detainer. However, for the reasons discussed below, the Court finds that Petitioner cannot challenge the validity of his INS detainer in his present habeas corpus petition.

**II. DISCUSSION**

A writ of habeas corpus directs the custodian of a prisoner to release the prisoner from his confinement, if such confinement has been shown to be unlawful. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)("[t]he Writ of Habeas Corpus functions to grant relief from unlawful custody or imprisonment"), cert. denied, 490 U.S. 1082 (1989). If the prisoner is not in the custody of the party against whom relief is sought, then a writ of habeas corpus cannot be granted. Id.

In this case, Petitioner is currently in the custody of the BOP, serving a prison sentence for a federal crime. It is readily apparent, however, that Petitioner is not challenging the propriety of the BOP's custody. He is not attacking his conviction or

sentence, he is not challenging the fact or duration of his confinement, and he is not otherwise claiming that the BOP should expedite his release from prison.

Instead, it clearly appears that Petitioner is actually seeking relief from the INS. More specifically, he is asking the Court to vacate the INS detainer against him. Such relief is not available by writ of habeas corpus, however, because Petitioner is not in INS custody at this time. According to Campillo, an alien who is committed to the BOP to serve a federal prison sentence following a criminal conviction is considered to be in BOP custody -- not INS custody. 853 F.2d at 595. If the INS determines that an alien in BOP custody may be deportable, then the INS may deliver a detainer which notifies the BOP of the alien's potential deportability – which is what the INS apparently has done in Petitioner's case. By issuing such a detainer, however, the INS does not take a prisoner into custody. The detainer "merely notifies prison officials that a decision regarding [the alien's] deportation will be made by the INS at some future date." Id.

Our Court of Appeals concluded in Campillo that "[t]he filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." Id. The Court specifically rejected the suggestion that an INS detainer, such as the one at issue here, might give the INS constructive custody, or "technical custody," of an alien who is serving a federal prison sentence in a BOP facility. In the words of the Eighth Circuit, "[w]e do not believe that the filing of a detainer with prison officials amounts to the taking into custody, technical or otherwise, of the petitioner." Id. at 596. Thus, Campillo clearly indicates that Petitioner cannot challenge his INS detainer in a habeas corpus proceeding, because he is not in

INS custody at this time.[3] As long as Petitioner is not in INS custody, the federal habeas corpus statutes do not provide a means by which he can challenge the validity of his INS detainer.[4] It will therefore be recommended that the instant petition be summarily dismissed.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

---

[3] Decisions from other circuits are consistent with Campillo. See, e.g., Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)("bare detainer letter does not sufficiently place an alien in INS custody to make Habeas corpus available"); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990)(same), cert. denied, 498 U.S. 1092 (1991); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(same).

[4] The outcome of this case is not affected by Petitioner's alleged "loss of programs and extra punitive treatment because I.N.S. refuses to remove [the] detainer." (Petition, p. 3, ¶ 9.) In Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989), our Court of Appeals considered whether a prisoner might be entitled to "mandamus or equitable relief... against prison officials for considering [an] INS detainer in assessing his security and custody classification." Id. at 260 (footnote omitted). The Court concluded that no such relief could be granted because, "[u]nder the applicable Bureau of Prisons regulations, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification." Id. According to Mohammed, the BOP can properly consider Petitioner's detainer for purposes of determining his custody and security classification. See also Roberts v. Matthews, No. 88-3014-O, (D.Kan. 1990), 1990 WL 203153 at *1 (an INS detainer is not statutorily or constitutionally objectionable simply because it affects an inmate's status within the prison, because "[p]risoner classification... in the federal system is within the complete discretion of federal prison officials"); Walford v. INS, 48 F.3d 477, 478 (10th Cir. 1995) (INS detainer that prevented inmate from participating in prison programs did not trigger due process concerns); Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976) (rejecting inmate claim that detainer "adversely affect[ed] his prison classification and qualification for institutional programs" because "Congress has given federal prison officials full discretion to control these conditions of confinement").

Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be summarily **DISMISSED**.

Dated: October 15th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.